THOMAS E. DEVITT and Others, Plaintiffs, *v.* FRED C. SCHOTTIN, JR.,
Doing Business under the Assumed Name of NATIONAL PAINTING
COMPANY, and Others, Defendants.

Supreme Court, Erie County, February 6, 1936.

*Flynn, Tillou & Ward [Julius A. Schreiber* of counsel], for the plaintiffs.

*Dudley, Stowe & Sawyer,* for the defendants C. F. Haglin & Sons Co., Inc., and Winston Brothers Co., Inc.

*John J. Bennett, Jr., Attorney-General,* for the defendant State of New York.

No appearance for the defendant Fred C. Schottin, Jr.

MALONEY, J. This is a proceeding instituted under sections 220-a and 220-b of the Labor Law of the State of New York, which read as follows:

" § 220-a. Statements showing amounts due for wages to be filed — Verification. Before payment is made by or on behalf of the state or of any city, county, town, village or other civil division of the state of any sum or sums due on account of a contract for a public improvement it shall be the duty of the comptroller of the state or the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the state or corporate funds applicable to the contract under and pursuant to which payment is made to require the contractor and each and every subcontractor from the contractor of* a subcontractor to file a statement in writing in form satisfactory to such officer certifying to the amounts then due and owing from such contractor or subcontractor filing such statement to any and all laborers for daily or weekly wages on account of labor performed upon the work under the contract, setting forth therein the names of the persons whose wages are unpaid and the amount due to each respectively, which statement so to be filed shall be verified by the oath of the contractor or subcontractor as the case may be that he has read such statement subscribed by him and knows the contents thereof, and that the same is true of his own knowledge.

---

*So in original. Should be "or."

" § 220-b. Amounts due for wages may be withheld for benefit of laborers. In case any interested person shall have previously filed a protest in writing objecting to the payment to any contractor or subcontractor to the extent of the amount or amounts due or to become due to him for daily or weekly wages for labor performed on the public improvement for which such contract was entered into, or if for any other reason it may be deemed advisable, the comptroller of the state or the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the state or corporate funds applicable to the contract for such public improvement may deduct from the whole amount of any payment on account thereof the sum or sums admitted by any contractor or subcontractor in such statement or statements so filed to be due and owing by him on account of labor performed on such public improvement before making payment of the amount certified for payment in any estimate or voucher, and may withhold the amount so deducted for the benefit of the laborers for daily or weekly wages whose wages are unpaid as shown by the verified statements filed by any contractor or subcontractor, and may pay directly to any person the amount or amounts shown to be due to him for such wages by the statements filed as hereinbefore required, thereby discharging the obligation of the contractor or subcontractor to the person receiving such payment to the extent of the amount thereof."

The defendants Haglin & Sons Co., Inc., and Winston Brothers Co., Inc., as general contractors, entered into a contract with the Department of Mental Hygiene of the State of New York on the 28th day of January, 1933, to furnish materials and perform the labor required for the construction of additions to the Gowanda State Homeopathic Hospital in accordance with specifications No. 7398, etc., contract No. 2397. The defendant Fred C. Schottin, Jr., entered into a subcontract with the last above-named defendants for the furnishing of labor and material for the completion of painting work contracted to be done on the additions by the general contractor. The plaintiffs were employees of the defendant Fred C. Schottin, Jr., employed by him to do the painting aforesaid. All the plaintiffs, as such employees, have unpaid wages due from the defendant Schottin in amounts varying from twenty-four dollars to seventy-two dollars. The defendant Schottin defaulted upon his contract with the general contractor. At the time of such default there was due from the general contractor to the defendant Schottin the sum of $2,400 for materials furnished and the labor performed by the plaintiffs. This money was paid by the State of New York to the general contractor after the default of defendant

Schottin. No part of the same was paid to defendant Schottin or to the plaintiffs herein. In addition to said $2,400 the State of New York withheld as retained percentage for material and labor theretofore furnished by defendant Schottin and accepted by the State, viz., fifteen per cent of $8,830, or $1,324.50. The plaintiffs, in accordance with the provisions of sections 220-a and 220-b of the Labor Law, caused to be served upon the Comptroller of the State of New York good and sufficient and timely protest, in writing. The general contractor and subcontractor, in compliance with section 220-a of the Labor Law of the State of New York, filed with the Comptroller of the State of New York verified affidavits certifying to the amounts then due and owing to any and all laborers for daily or weekly wages for labor performed under the contract. Such statement of the subcontractor listed the names of the plaintiffs, setting forth the amount due and owing to each of them for daily or weekly wages on account of the labor performed by them under the contract. The general contractors made or filed no statement with reference thereto, plaintiffs being employees of the subcontractor. The Comptroller, under section 220-b of the Labor Law, deducted and withheld from the final payment due the defendant general contractor the sum of $2,000, said withholding being for the benefit of the plaintiffs for daily or weekly wages unpaid as shown by the verified statement filed by the subcontractor, and refuses to pay the said amount withheld to the general contractor.

The plaintiffs in this proceeding seek relief awarding and decreeing to each of them the amount due each of plaintiffs out of said funds withheld by the Comptroller, as shown by the verified statement filed by the subcontractor.

There is no question but that the amounts claimed by the various plaintiffs were due them from the subcontractor Schottin for labor performed in the completion of work under the general contract aforesaid.

The defendants general contractors claim that sections 220-a and 220-b of the Labor Law of the State of New York do not apply to the plaintiffs and that the Comptroller was without authority in withholding $2,000 of the final payment due under the contract.

It is the claim of the defendants general contractors that the plaintiffs were not employees of the defendants but of the subcontractor and that the defendant owed no money to the plaintiffs for labor performed by them but that the indebtedness was one of the defendant subcontractor who defaulted and caused a very substantial loss to the defendants general contractors who were obliged to and did complete the painting contract.

The defendants claim that if sections 220-a and 220-b of the Labor Law are found to be applicable, the same are unconstitutional and void.

The specifications attached to and part of the contract provide on page 25 of article 38 of the general conditions that section 25-a of the Lien Law of the State of New York is made a part of the contract. On page 2 of said general conditions, article 4, subdivision 14, it is provided that " The contract shall be deemed to include the agreement, the proposal, the general conditions, the specifications and drawings, also addenda to the specifications if same are issued prior to the date of receipt of bids." The specifications or general conditions at page 22 provide that sections 220-a and 220-b of the Labor Law are made a part of the contract. Section 220-a is entitled " Statements showing amounts due for wages to be filed." Section 220-b of the Labor Law is entitled, " Amounts due for wages may be withheld for benefit of laborers."

Section 25-a of the Lien Law provides that funds received by a contractor for a public improvement are declared to constitute trust funds to be applied to the payment, among others, *of the claims of laborers arising out of the improvement.* The Lien Law, it is to be noted, does not confine such trust fund to laborers employed by the general contractor as distinguished from laborers employed by the subcontractor. By its very language it specifically states that it is to apply to the payment of claims of laborers arising out of the improvement.

Sections 220-a and 220-b of the Labor Law provide a method by which the Comptroller of the State may ascertain, before making final payment on the contract, the amount unpaid and owing to laborers from the contractor or subcontractor, if any, and specifically require the contractor and subcontractor to furnish specified facts with relation thereto.

Section 220-b provides a method by which the Comptroller, after having ascertained that labor claims are unpaid, may withhold from any payment the sum or sums admitted by the contractor or subcontractor to be due and owing for labor performed, in such an amount as will be sufficient to pay laborers' claims. Said section further authorizes the Comptroller to pay directly to any person the amount found to be due.

I find that sections 220-a and 220-b of the Labor Law, as adopted, are not in violation of the Federal Constitution or the Constitution of the State of New York, and have not violated any constitutional rights of the defendants general contractors. I find that the Comptroller is legally withholding the sum of $2,000 from the final payment due the defendant general contractor for the improvement

aforesaid. I am of the opinion that included in the final payment due the general contractor is the sum of $1,324.50, being the retained percentage of the moneys due under the contract for work performed and accepted by the State for labor and material furnished by the subcontractor Schottin. I further find that the defendants general contractors collected the sum of $2,400 for material and labor furnished upon the completion of the contract by the subcontractor, which said sum was due and owing to the subcontractor for such material and labor at the time that the subcontractor defaulted, and that when said amount was paid to the general contractor it was subject to the provisions of section 25-a of the Lien Law in so far as these plaintiffs and all others similarly situated were concerned. I find that the plaintiffs are entitled to judgment against the defendants in the sum of $1,702.40. I further find that out of the sum of $2,000 retained by the Comptroller from the final payment due the general contractors the plaintiffs are entitled to judgment awarding and decreeing that the Comptroller pay to the plaintiffs out of said funds the amounts found by him to be due and owing to each of them, with interest, and to pay the balance thereof to the person or persons legally entitled thereto. Prepare findings accordingly.